No. 19,862.

W. L. VAN HORN, *Appellant*, v. GEORGE WETTERHOLD, *Appellee*.

### SYLLABUS BY THE COURT.

REAL-ESTATE AGENT—*Commission Not Earned—Fraud.* One who as agent undertakes to procure for a landowner a contract with another for the exchange of certain properties can not recover his commission when the person he produces is not able, ready and willing to perform, and when it also appears that such contract was fraudulently altered by such agent.

Appeal from Sedgwick district court, division No. 2; THORNTON W. SARGENT, judge. Opinion filed January 8, 1916. Affirmed.

*Fred K. Hammers*, of Wichita, for the appellant.

*P. D. Gardiner*, and *H. C. Castor*, both of Wichita, for the appellee.

The opinion of the court was delivered by

WEST, J.: The plaintiff sued to recover a commission for procuring a contract of exchange between the defendant and G. A. Rucker for certain real properties. He averred that under the contract Rucker was to convey a certain tract of land free and clear of all incumbrances except a mortgage of $6000, all water rights to be paid and all taxes up to date.

The defendant answered that G. A. Rucker was not able to carry out the terms of the contract and charged fraud in its procurement and alteration. The testimony showed that the land in question had been sold at foreclosure and the only con-

Hardware Co. v. Insurance Co.

veyances offered to the defendant consisted of a general warranty deed from the fee owner to Glen A. Rucker conveying the land subject to a mortgage of $7063.00 with interest thereon from October 2, 1911, back taxes $207.63 and water tax $298.07, and a general warranty deed from Glen A. Rucker to the defendant conveying the land subject to an incumbrance of $6000 which, by the terms of the deed, the grantee was to assume and agree to pay. It appeared that the incumbrances above the $6000 could not be taken care of until Rucker procured the money for that purpose and that he desired to use the property to be conveyed by the defendant as a basis for a loan to raise such money.

The jury found for the defendant generally and also in answer to special questions that the defendant did not agree to pay the plaintiff for procuring the contract, that the contract had by the plaintiff been materially altered since its execution by changing a name and inserting approval, and that G. A. Rucker was not ready, willing and able to carry out his part of the agreement for the exchange of properties. Findings were made in relation to other matters which need not be considered.

Various questions are argued, but the findings referred to, sufficiently supported by the evidence, preclude recovery by the plaintiff.

The judgment is affirmed.